UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
VICTOR TRIUNFEL RODRIGUEZ, :
:
Plaintiff, :
:
-against- :
: **COMPLAINT**
:
ADOLFO MEAT MARKET CORP., and EUCEBIO :
ADOLFO MARTINEZ, :
:
Defendants. :
------------------------------------------------------------------- X

Plaintiff Victor Triunfel Rodriguez ("Plaintiff" or "Triunfel"), by his attorneys

Pechman Law Group PLLC, complaining of Defendants Adolfo Meat Market Corp.

("Adolfo Meat Market") and Eucebio Adolfo Martinez ("Martinez") (collectively,

"Defendants"), alleges:

### NATURE OF THE COMPLAINT

1.      Triunfel regularly worked sixty hours per workweek as a butcher at Adolfo

Meat Market. Throughout his employment, Defendants paid Triunfel on a weekly rate

basis that failed to compensate him for regular hours worked at the statutory minimum

wage rate and overtime pay for hours worked over forty per workweek.  Defendants also

failed to provide Triunfel with: (1) spread-of-hours pay when he worked shifts spanning

over ten hours; (2) wage notices at his time of hiring and when his wage rates changed;

and (3) accurate wage statements with each payment of wages.

2.      Triunfel brings this action to recover from Defendants his unpaid minimum

and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre-

and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New York Labor Law § 190, *et seq.*

("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

**JURISDICTION**

3.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C.

§ 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over

Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

**VENUE**

4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391

because the events giving rise to Triunfel's claims occurred at Adolfo Meat Market, which

is located and operated by Defendants in the Southern District of New York.

**THE PARTIES**

**Plaintiff Victor Triunfel Rodriguez**

5.      Victor Triunfel Rodriguez resides in Bronx County, New York.

6.      Defendants employed Triunfel as a butcher from approximately May 14,

2021 through December 24, 2022.

**Defendant Adolfo Meat Market Corp.**

7.      Defendant Adolfo Meat Market Corp. is a New York domestic business

corporation that owns, operates, and does business as Adolfo Meat Market, a butcher

shop located at 116 E 170th Street, Bronx, New York 10452.

8.      Adolfo Meat Market is an "enterprise engaged in commerce" within the

meaning of the FLSA.

9.      Throughout Triunfel's employment, Adolfo Meat Market had employees,

including Triunfel, engaged in commerce or in the production of goods for commerce

and handling, selling, or otherwise working on goods or materials that have been moved

in or produced for commerce by any person.

10.     In the three years preceding the filing of this Complaint, Adolfo Meat

Market has had an annual gross volume of sales in excess of $500,000.

**Defendant Eucebio Adolfo Martinez**

11.     Defendant Eucebio Adolfo Martinez is an owner of Adolfo Meat Market.

12.     Throughout Triunfel's employment, Martinez held power and authority over personnel decisions at Adolfo Meat Market, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

13.     Throughout Triunfel's employment, Martinez was regularly present at Adolfo Meat Market directing the work duties of employees.

14.     For example, Martinez distributed Plaintiff's wages and communicated with Plaintiff about his schedule and other personnel matters.

15.     Martinez exercised sufficient control over Adolfo Meat Market's operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NYLL.

## FACTUAL ALLEGATIONS

16.     Triunfel worked as a butcher throughout his employment at Adolfo Meat Market.

17.     As a butcher, Triunfel would clean, cut, weigh, pack, and label meats.

18.     Throughout his employment, Triunfel regularly worked eleven-hour shifts Monday through Friday from 8:00 a.m. to 7:00 p.m., and an eight-hour shift on Sunday from 8:00 a.m. to 4:00 p.m., for a total of approximately sixty-three hours per workweek.

19.     Throughout his employment, Defendants paid Triunfel $700 per week for all hours worked, including those over forty.

20.     Throughout his employment, Triunfel's regular wage rate fell below the statutory minimum wage rate.

21.     Defendants did not pay Triunfel spread-of-hours pay on days when he worked shifts spanning over ten hours.

22.     Defendants did not provide Triunfel with wage notices at his time of hire or when his wage rate changed.

23.     Throughout his employment, Defendants paid Triunfel's wages without accompanying wage statements accurately reflecting, *inter alia,* his hours worked, and hourly rates paid.

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

24.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

25.     Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

26.     The NYLL and its supporting regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

27.     Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

28.     Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum hourly wages.

29.     As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

30.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

31.     Defendants are an employer within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

32.     Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

33.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

34.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

35.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

36.     As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

37.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

38.     Under the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.2, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

39.     Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

40.    Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

41.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FOURTH CLAIM**
**(NYLL – Spread-of-Hours Pay)**

42.    Plaintiff repeats and incorporates all foregoing paragraphs by reference.

43.    Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 142-2.4.

44.    As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**FIFTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

45.    Plaintiff repeats and incorporates all foregoing paragraphs by reference.

46.    The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

47.    In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

48.     As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

### SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

49.     Plaintiff repeats and incorporates all foregoing paragraphs by reference.

50.     The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

51.     Defendants failed to furnish Plaintiff, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

52.     As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a.      declare that Defendants violated the minimum wage provisions of the NYLL and supporting regulations;

b.      declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c.      declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d.      declare that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e.      declare that Defendants' violations of the FLSA and the NYLL were willful;

f.      enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g.      award Plaintiff damages for unpaid minimum and overtime wages and spread-of-hours pay;

h.      award Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA and NYLL;

i.      award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

j.      award Plaintiff pre- and post-judgment interest under the NYLL;

k.      award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.      award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated:  New York, New York
        June 8, 2023

PECHMAN LAW GROUP PLLC

By:   s/Louis Pechman
        Louis Pechman
        Camille A. Sanchez
        Pechman Law Group PLLC
        488 Madison Avenue - 17th Floor
        New York, New York 10022
        (212) 583-9500
        pechman@pechmanlaw.com
        sanchez@pechmanlaw.com
        *Attorneys for Plaintiff*