UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VICTOR TRIUNFEL RODRIGUEZ,                :
                                          :
                       Plaintiff,         :      Case No. 1:23-cv-04823 (LGS)
                                          :                      (SDA)
        -against-                         :
                                          :
                                          :      **ANSWER TO COMPLAINT**
ADOLFO MEAT MARKET CORP., and EUCEBIO     :
ADOLFO MARTINEZ,                          :
                                          :
                       Defendants.        :
------------------------------------------------------------------X

      Defendants Adolfo Meat Market Corp. (the "Meat Market") and Eucebio Adolfo Martinez ("Martinez") (collectively "Defendants") by their attorneys, the Law Offices of Martin E. Restituyo, P. C., as and for their Answer to the Complaint of Victor Triunfel Rodriguez ("Plaintiff") set for the following:

### AS AND FOR AN ANSWER TO THE SECTION TITLED "NATURE OF THE ACTION, JURISDICTION AND VENUE"

      1.    Admit the allegations in Paragraph 1 of the Complaint to the extent they indicate that Plaintiff worked at Adolfo Meat Market but deny the remaining allegations therein.

      2.    Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 2 of the Complaint.

      3.    Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 3 of the Complaint.

      4.    Admit the allegations set forth in Paragraph 4 of the Complaint to the extent that they allege that the Meat Market is located in this District but deny the remaining allegations therein.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "PARTIES"

5. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 5 of the Complaint.

6. Admit the allegations set forth in Paragraph 6 of the Complaint to the extent that they allege Plaintiff worked at the Meat Market but deny the remaining allegations therein.

7. Admit the allegations set forth in Paragraph 7 of the Complaint.

8. Admit the allegations set forth in Paragraph 8 of the Complaint.

9. Admit the allegations set forth in Paragraph 9 of the Complaint.

10. Deny the allegations set forth in Paragraph 10 of the Complaint.

11. Admit the allegations set forth in Paragraph 11 of the Complaint.

12. Admit the allegations set forth in Paragraph 12 of the Complaint.

13. Admit the allegations set forth in Paragraph 13 of the Complaint.

14. Admit the allegations set forth in Paragraph 14 of the Complaint.

15. Admit the allegations set forth in Paragraph 15 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTIO TITLED
## "FACTUAL ALLEGATIONS"

16. Admit the allegations set forth in Paragraph 16 of the Complaint.

17. Admit the allegations set forth in Paragraph 17 of the Complaint.

18. Admit the allegations set forth in Paragraph 18 of the Complaint to the extent they allege that Plaintiff worked at the Meat Market but deny the remaining allegations therein.

19. Deny the allegations set forth in Paragraph 19 of the Complaint.

20. Deny the allegations set forth in Paragraph 20 of the Complaint.

21. Deny the allegations set forth in Paragraph 21 of the Complaint.

22. Deny the allegations set forth in Paragraph 22 of the Complaint.

23. Deny the allegations set forth in Paragraph 23 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "FIRST CLAIM"

24. In response to the allegations in Paragraph 24 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

25. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 25 of the Complaint.

26. Admit the allegations set forth in Paragraph 26 of the Complaint.

27. Deny the allegations set forth in Paragraph 27 of the Complaint.

28. Deny the allegations set forth in Paragraph 28 of the Complaint.

29. Deny the allegations set forth in Paragraph 29 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "SECOND CLAIM"

30. In response to the allegations in Paragraph 30 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

31. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 31 of the Complaint.

32. Admit the allegations set forth in Paragraph 32 of the Complaint.

33. Deny the allegations set forth in Paragraph 33 of the Complaint.

34. Deny the allegations set forth in Paragraph 34 of the Complaint.

35. Deny the allegations set forth in Paragraph 35 of the Complaint.

36. Deny the allegations set forth in Paragraph 36 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "THIRD CLAIM"

37. In response to the allegations in Paragraph 37 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

38. Admit the allegations set forth in Paragraph 38 of the Complaint.

39. Deny the allegations set forth in Paragraph 39 of the Complaint.

40. Deny the allegations set forth in Paragraph 40 of the Complaint.

41. Deny the allegations set forth in Paragraph 41 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "FOURTH CLAIM"

42. In response to the allegations in Paragraph 42 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

43. Deny the allegations set forth in Paragraph 43 of the Complaint.

44. Deny the allegations set forth in Paragraph 44 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "FIFTH CLAIM"

45. In response to the allegations in Paragraph 45 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

46. Lack knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations set forth in Paragraph 47 of the Complaint.

48. Deny the allegations set forth in Paragraph 48 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "SIXTH CLAIM"

49. In response to the allegations in Paragraph 49 of the Complaint, Defendants repeat and reallege all above responses as though fully set forth herein.

50. Lack of knowledge and information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 50 of the Complaint.

51. Deny the allegations set forth in Paragraph 51 of the Complaint.

52. Deny the allegations set forth in Paragraph 52 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

53. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

54. To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C §255 (a), or any similar state labor law, such claims of Plaintiff's are barred.

## THIRD AFFIRMATIVE DEFENSE

55. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

## FOURTH AFFIRMATIVE DEFENSE

56. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.

## FIFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

## SIXTH AFFIRMATIVE DEFENSE

58. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.

## SEVENTH AFFIRMATIVE DEFENSE

59. If Plaintiff sustained any injury, damage, or loss by reason of any act, error or omission on the part of Defendants, said injury, damage or loss must be reduced on the basis of comparative fault or negligence of Plaintiff, or others, which contributed to and proximately caused any such injury, damage or loss.

## EIGHTH AFFIRMATIVE DEFENSE

60. Plaintiff is not "employee" of Defendants as defined by the FLSA and/or NYLL.

## NINTH AFFIRMATIVE DEFENSE

61. Defendants are not an "employer" of Plaintiff as defined by the FLSA and/or NYLL.

## TENTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.

**ELEVENTH AFFIRMATIVE DEFENSE**

63. Assuming arguendo, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

**TWELFTH AFFIRMATIVE DEFENSE**

64. Plaintiff's NYLL claims cannot lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order

**THIRTEENTH AFFIRMATIVE DEFENSE**

65. Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

**FOURTEENTH AFFIRMATIVE DEFENSE**

66. To the extent Plaintiff's NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiff is barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

67. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES**

68.     Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 25, 2023

_____
Martin Restituyo, Esq.
Law Offices of Martin E. Restituyo, P.C.
1325 Avenue of the Americas, 28th Floor
New York, NY 10019
Tel: (212) 729-7900
restituyo@restituyolaw.com

*Attorney for Defendants*